**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**AUG 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

THURMAN HARRISON, JR.,

        Plaintiff - Appellant,

v.

BENT COUNTY CORRECTIONAL
FACILITY; CHARLES RAY; and
STEVEN BROWN, JR., Assistant
Warden, Bent County Correctional
Facility,

        Defendants - Appellees.

No. 02-1094

(D.C. No. 01-WM-302)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

The case is therefore ordered submitted without oral argument.

This is a pro se state prisoner § 1983 civil rights appeal. Mr. Harrison's

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

spending at the prison was restricted to $7.00 per month of the $50.00 per month that he earns at his prison job because his account was in arrears. In his § 1983 complaint, Mr. Harrison claimed equal protection and Eighth Amendment violations and denial of access to the courts. The magistrate judge recommended that Defendants' Motion to Dismiss be granted. After consideration of Mr. Harrison's objections and Defendants' response to the objections, the district court adopted the recommendation and dismissed the complaint. Mr. Harrison appeals to this court.

We agree with the district court that Mr. Harrison's claims should be dismissed. Appellant agrees that his claims of Eighth Amendment violations fail "because he has not alleged any 'wanton and unnecessary infliction of pain'" Order at 3 quoting Plaintiff's Objections at 5. Appellant also concedes his access to the courts claim because he admits that he cannot allege actual injury at this time. Additionally, we agree that the claims against Charles Ray should be dismissed with prejudice. Though Mr. Ray has not been served, Appellant "makes no distinct allegations against him which would suffice to keep any issue open awaiting possible service." Id. at 4.

Mr. Harrison's only viable claim on appeal is his equal protection claim that he is being treated differently than other inmates because he is indigent. Because Mr. Harrison is neither a member of a suspect class nor does he allege

that a fundamental right has been burdened, Defendants' action must "only bear a rational relation to some legitimate end." White v. Colorado, 157 F.3d 1226, 1234 (10th Cir. 1998) (quotation omitted). "Reasonable regulations are necessary to balance the rights of prisoners with budgetary considerations." Twyman v. Crisp, 584 F.2d 352, 359 (10th Cir. 1978) (citation omitted). We agree with the district court's determination that "[t]he limitation of plaintiff's spending is rationally related to a legitimate end." Order at 3.

After a thorough review of the briefs and the record and for substantially the same reasons set forth in the district court's well-reasoned February 15, 2002, Order adopting the magistrate judge's recommendation, we hold that no relief is available to Mr. Harrison pursuant to § 1983.

The decision of the trial court is **AFFIRMED**. Appellant's Motion to proceed in forma pauperis on appeal is **GRANTED**. Appellant must continue making partial payments on court fees and costs previously assessed until such have been paid in full.

Entered for the Court


Monroe G. McKay
Circuit Judge